UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| TERELL BUFORD, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No.: 1:16-CV-371-HSM |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Federal inmate Terell Buford has filed a motion, as supplemented, to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a response in opposition to the motion. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing[1], and Buford's § 2255 motion will be denied.

**I.   BACKGROUND FACTS AND PROCEDURAL HISTORY**

After receiving information that drugs were being distributed from a store solely owned and operated by Buford, law enforcement officers obtained a search warrant to search that store for evidence of narcotics trafficking [Doc. 12 p. 2 in No. 1:14-CR-32]. While executing the warrant, officers found a loaded .22 pistol and resale quantities of marijuana, cocaine, and cocaine base [*Id.*]. Buford admitted that the gun was his, that he had been distributing drugs from his store,

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

and that he had a previous felony conviction [*Id*. at 2-3]. Thereafter, Buford pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) [Docs. 15-18 in No. 1:14-CR-32].

Based on his prior Tennessee convictions for two aggravated robberies, an aggravated burglary, an aggravated assault, and possessing cocaine for resale [*see* Doc. 19 ¶¶ 36, 37, 39, and 45 in No. 1:14-CR-32], Buford was deemed an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and was sentenced to 200 months' imprisonment [Doc. 67 in No. 1:14-CR-32]. Aggrieved, Buford appealed, and his appeal was rejected by the Sixth Circuit by order filed October 5, 2015 [Doc. 79 in No. 1:14-CR-32].[2]

Buford signed the instant § 2255 motion on September 1, 2016, and it was stamped "filed" in this Court on September 9, 2016 [Doc. 1]. The Court ordered the United States to respond to the motion, and the Government filed its response on October 5, 2016 [Doc. 5]. Thereafter, Buford filed a reply to the response in October 2016 and a supplement to his initial § 2255 motion in December 2016 [Docs. 7 and 8]. Subsequently, over the next fifteen months, Buford filed numerous motions to supplement his petition to add additional claims and citations to legal authority [Docs. 9, 11, 12, 17, and 18]. On April 25, 2019, the Court granted Buford's motions to supplement his petition, noting that Buford should not construe the grant of his motions "as a ruling as to the merits or timeliness of any" of the supplements [Doc. 25].

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A

---

[2] Buford's appeal concerned this Court's denial of his request to withdraw his guilty plea [*See* Doc. 79 in No. 1:14-CR-32].

court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III. DISCUSSION

### A. Sentencing relief under *Johnson*

As noted above, Buford was sentenced as an armed career criminal under the ACCA, which requires a 15-year minimum sentence for a felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The statute defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (2) "is burglary, arson or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson v. United States*, the Supreme Court struck down the residual clause of the ACCA as violative of due process. *Johnson*, 135 S. Ct. at 2563. However, the Court held that its decision did not apply "to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id*. Therefore, "a defendant can still receive an ACCA-enhanced sentence based on the statute's use-of-force clause or enumerated offense clause." *United States v. Priddy*,

808 F.3d 676, 683 (5th Cir. 2015); *see also United States v. Smith*, 817 F.3d 492, 493 (6th Cir. 2016) (rejecting vagueness challenge to the ACCA's enumerated-offense clause).

Buford's Tennessee convictions for aggravated robberies are unaffected by *Johnson*, because these convictions qualify as violent felonies under the ACCA's use-of-force clause. *United States v. Mitchell*, 743 F.3d 1054, 1058-60 (6th Cir. 2014); *see also United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) ("[T]he Supreme Court's holding in *Johnson* leaves unaffected this Court's determination that simple robbery in Tennessee is a predicate offense under 'the use of physical force clause.'"). Accordingly, Buford's two robbery convictions count as two predicate offenses for purposes of the ACCA.[3]

Next, Buford's conviction for possession of cocaine for resale constitutes a predicate ACCA offense as a "controlled substance offense." Buford argues that the statute of conviction, Tennessee Code § 39-17-417, is an overly broad, indivisible statute that penalizes mere offers to sell [Doc. 8 p. 3]. However, Sixth Circuit precedent has held that "[s]ection 39-17-417 is a categorical controlled substance offense." *United States v. Douglas*, 563 F. App'x 371, 378 (6th Cir. 2014); *see also United States v. Goldston*, 900 F.3d 390, 396-97 (6th Cir. 2018) (finding prior conviction under § 39-17-417 constituted "serious drug offense" within the meaning of the ACCA). Accordingly, Buford's possession of cocaine for resale constitutes a third predicate offense.

Finally, Buford's Tennessee conviction for aggravated assault pursuant to Tennessee Code § 39-13-102 constitutes an additional predicate offense. The Sixth Circuit has held that Tennessee's aggravated assault statute as a whole does not categorically meet the definition of a

---

[3] The Court addresses why each robbery counts as a separate predicate offense in part III.B.iv., *infra*.

violent felony, as the statute may be violated by reckless conduct. *United States v. McMurray*, 653 F.3d 367, 373 (6th Cir. 2011). However, because the aggravated assault statute is divisible, i.e. it can be violated by either intentional or reckless conduct, this Court may employ the modified categorical approach to determine whether the prior offense was for a violent felony. *Descamps v. United States*, 570 U.S. 254, 257 (2013). This approach "permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id*.

Here, the indictment for aggravated assault charged Buford with "unlawfully, intentionally, or knowingly" causing a victim "to reasonably fear imminent bodily injury by use of a deadly weapon" [Doc. 24-5 p. 2 in No. 1:14-CR-32]. Moreover, Buford pleaded guilty and was sentenced to a Class C felony, which confirms that his conviction was for an intentional or knowing act [Doc. 24-6 in No. 1:14-CR-32]. *See* Tenn Code Ann. § 39-13-102(d) (criminalizing intentional aggravated assault as Class C felony and reckless aggravated assault as a Class D felony); *Davis v. United States*, 900 F.3d 733, (6th Cir. 2018) (finding prior Tennessee conviction for aggravated assault conviction under § 39-13-102(a), when confirmed by documented proof, qualifies as a predicate crime under the ACCA). Therefore, Buford's aggravated assault felony constitutes an additional predicate offense.

Accordingly, Buford has the requisite three prior convictions that qualify as ACCA predicates under non-residual-clause portions of the statute to be sentenced as an armed career criminal, and he is not entitled to relief under the reasoning of *Johnson* and its progeny.

B.  **Ineffective Assistance of Counsel**

Buford also claims that he is entitled to relief under § 2255 because he received the ineffective assistance of counsel. In *Strickland v. Washington*, the Supreme Court set forth a two-pronged test for determining whether a convicted defendant has received the ineffective assistance

5

of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). There, the Court held that a petitioner cannot establish the ineffective assistance of counsel unless he demonstrates (1) that counsel's performance was deficient, such that counsel did not render reasonably effective assistance as measured by prevailing professional norms, and (2) that he was prejudiced by the deficiency, i.e., that there exists a reasonable probability that but for counsel's alleged acts or omissions, the results of the proceedings would have been different. *See Strickland*, 466 U.S. at 687-88, 694 (1984); *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (applying *Strickland* test to § 2255 claims). The failure to satisfy either prong of *Strickland* requires dismissal of the claim and relieves the reviewing court of a duty to consider the other prong. *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009); *see also Strickland*, 466 U.S. at 697.

### i. Indictment

Buford argues that counsel rendered ineffective assistance in failing to move to suppress the indictment against him on the basis that a federal agent allegedly promised him that he would not be charged with an offense if he cooperated with the agent's investigation. However, this allegation is contradicted by Buford's own sworn statement in his plea agreement that the agreement constituted "the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States" [Doc. 12 ¶ 12 in No. 1:14-CR-32].

At his change of plea hearing, Buford agreed that the plea agreement presented to the Court contained his agreement with the Government [Doc. 75 p. 17 in No. 1:14-CR-32]. At the hearing, the Court asked, aside from what was contained in the plea agreement, "has any officer or agent of the government or anyone else promised or suggested that you would get some other form of leniency or a lighter sentence by pleading guilty?" [*Id*. at 21]. Buford responded, "[n]o, sir" [*Id*.].

The Supreme Court has held that "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Buford has not established that he was actually made the alleged promise, and thus, cannot meet his burden of demonstrating that counsel was constitutionally ineffective for not seeking to dismiss the indictment on that basis.

### ii. Suppression of evidence

The affidavit supporting the search warrant in this case states that a reliable confidential informant witnessed the exchange of drugs for money at Buford's store, that subjects stopped following surveillance of the store had drugs in their possession that they stated they purchased from Buford's store, and that after officers went to Buford's store to speak to its occupants, Buford ran to the back area of the business and was detained for safety purposes while the warrant was being prepared [Doc. 1 p. 27]. Following the recitation of facts supporting the warrant, the affiant requests a warrant for the "residence" under Buford's control [*Id.*]. In his federal habeas petition, Buford contends that counsel should have moved to suppress the evidence obtained during the search of his store.

As an initial matter, the Court finds that Buford cannot raise a Fourth Amendment challenge to the search of his store, as his unconditional guilty plea renders the claim unreviewable. *See United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008) ("[A] voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'") (citation omitted).

However, Buford also contends that evidence would have been suppressed in this case had he been afforded competent counsel, alleging that there was no probable cause, and that the affidavit in support of the search warrant contained inaccuracies. To the extent that Buford's

7

allegations rest on his conclusory allegations that he was promised leniency that he did not receive, the Court has already found such allegations insufficient to warrant relief.

Otherwise, the Court notes that the Fourth Amendment to the United States Constitution guarantees, as is relevant here, that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. "Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). To determine whether probable cause is established, the issuing magistrate must, when viewing the totality of the circumstances set forth in the affidavit, determine whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. McCoy*, 905 F.3d 409, 416 (6th Cir. 2018) (noting courts must "read the affidavit reasonably. . . examining the totality of the circumstances and employing a healthy dose of common sense") (citation omitted); *see also United States v. Woolsey*, 361 F.3d 924, 926 (6th Cir. 2004) (noting affidavits "should be reviewed in a commonsense – rather than a hypertechnical – manner").

In considering the particularity requirement, the inquiry is whether the place to be searched is described with sufficient particularity "to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premises might be mistakenly be searched." *United States v. Durk*, 149 F.3d 464, 465 (6th Cir. 1998) (citation omitted). In this case, the affiant prepared the affidavit at Buford's store, left to get the warrant signed, and returned to the store to execute the warrant [Doc. 71 p. 90 in No. 1:14-CR-32]. Accordingly, there is no reasonable likelihood that the executing officer could have been confused as to the proper location of the search. This conclusion is not altered by the scrivener's error of Buford's "residence" being searched, as a practical reading of the affidavit clarifies that

the Buford's store is the place to be searched. *See Durk*, 149 F.3d at 465 (noting the particularity of a description in a search warrant turns on "practical accuracy rather than technical nicety"). Moreover, the affidavit supplied sufficient facts to establish a reasonable belief that drugs were being sold out of Buford's store, and upon execution of that warrant, Buford admitted both distributing illegal drugs and possession of a firearm by a felon. Accordingly, Buford has not demonstrated that there was a constitutional violation associated with the search of his store or his subsequent arrest.

Because Buford has failed to show that there was a constitutional infirmity associated with the search of his store or his arrest, counsel cannot have rendered ineffective assistance in failing to file related suppression motions. *See, e.g., Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (counsel not ineffective for failing to pursue meritless claims).

### iii. Advice to plead guilty

Buford claims that counsel rendered ineffective assistance by promising him that the Government would file a substantial-assistance departure motion if he pleaded guilty. However, that assertion is contradicted by his sworn plea colloquy, in which Buford assured the Court that no "officer or agent of the government" nor "anyone else [had] promised or suggested that [Buford] would get some other form of leniency or a lighter sentencing by pleading guilty" [Doc. 75 p. 21 in No. 1:14-CR-32]. Likewise, Buford's plea agreement contained no such promise. [*See, e.g.*, Doc. 79 p. 2 in No. 1:14-CR-32]. Accordingly, Buford has not established that counsel was constitutionally ineffective during plea negotiations.

### iv. Aggravated robbery convictions

Buford claims that counsel should have investigated his prior Tennessee aggravated robbery convictions to determine whether those convictions were for offenses that occurred on different occasions as required to constitute separate predicate offenses under the ACCA.

9

However, the record shows that Buford's robbery convictions were for offenses that occurred on occasions different from one another.

The indictments for Buford's robberies show that the first aggravated robbery was of two females at a residence on Poplar Street, while the second aggravated robbery was of individuals at the Hamilton Inn – a hotel approximately ten miles away [*Compare* Doc. 24-1 *with* Doc. 24-2 in No. 1:14-CR-32; *see also* Doc. 24 p. 5-7 in No. 1:14-CR-32]. Counsel for Buford agreed at sentencing that the robberies took place hours apart in different locations with different victims [Doc. 72 p. 8-9 in No. 1:14-CR-32]. Under Sixth Circuit precedent, those two robberies count as separate offenses for ACCA purposes. *See, e.g., United States v. Brady*, 988 F.2d 664, 670 (6th Cir. 1993) (finding two robberies committed same evening against different victims in separate locations constituted separate offenses for ACCA purposes). Accordingly, Buford has failed to establish that counsel rendered ineffective assistance in connection with his prior robbery convictions.

### v. Right to challenge evidence/face accusers

In a supplement filed on or about November 14, 2017, Buford argued that counsel rendered ineffective assistance in failing to advise Buford of his right to challenge evidence and to face his accusers [Doc. 12]. The Court finds that this amendment, filed more than a year after Buford's initial § 2255 motion, was clearly filed outside of the one-year statute of limitations. 28 U.S.C. § 2255(f). Amendments made after the statute of limitations has run relate back to the original pleading under Federal Rule of Civil Procedure 15(c)(1)(B) only if the amended pleading "arose out of the [same] conduct, transaction, or occurrence" as that of the original pleading. Fed. R. Civ. P. 15(c)(1)(B). However, "[a] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired." *United States v. Clark*, 637 F. App'x 206, 208–09 (6th

Cir. 2016) (citation omitted). Buford's claim regarding the confrontation of witnesses is unrelated to his prior ineffective assistance of counsel claims, and therefore, this claim is untimely. *See Howard v. United States*, 533 F.3d 472, 475-76 (6th Cir. 2008) (noting an untimely amended motion should be denied if it does not relate back to the date of the original pleading).

Alternatively, the Court finds that Buford's claim is refuted by the sworn testimony offered at his change of plea hearing. At the change of plea hearing, the Court advised Buford that, if he went to trial, he would be guaranteed the right to confront and cross-examine his accusers, but that if he pleaded guilty, he would be giving up that right. [Doc. 75 p. 12-13 in No. 1:14-CR-32]. The Court explicitly advised Buford that "[b]ecause there's going to be no trial, there won't be confrontation or cross-examination of witnesses" [*Id.* at 13]. When asked if he understood the rights he would be giving up, Buford responded, "[y]es" [*Id.*]. Therefore, Buford was advised of his right to confront witnesses prior to entering a guilty plea, and therefore, he cannot demonstrate any prejudice from counsel's alleged failure to advise him of these rights in advance.

## IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Buford must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V. CONCLUSION

For the reasons stated herein, Buford has failed to establish any basis upon which § 2255 relief could be granted, and his motion will be **DENIED**. A COA from the denial of his § 2255 motion will be **DENIED**.

**An appropriate Judgment Order will enter.**

/s/ Harry S. Mattice, Jr.
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE